UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

                                Plaintiffs,

       -against-

RIVER AVENUE CONTRACTING CORP.,

                               Defendant.
------------------------------------------------------------------X

JUDGE RAKOFF

07 CIV 6450

07 CV _____

COMPLAINT



      Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

### NATURE OF THE CASE

      1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and River Avenue Contracting Corp. ("Employer").

### JURISDICTION

      2.      This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.    Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

### VENUE

4.    Venue is proper in this district in that Plaintiffs' offices are located in this district.

### PARTIES

5.    At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.    The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.    Upon information and belief defendant River Avenue Contracting Corp. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 9 Claremont Avenue, Holbrook, NY 11741.

8.    The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant, River Avenue Contracting Corp., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated April 16, 2007, determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that River Avenue Contracting Corp. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of September 25, 2003 through April 16, 2007 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14. The arbitrator also found that River Avenue Contracting Corp. was required to

3

pay the funds a sum of $5,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15. The defendant, River Avenue Contracting Corp. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs ordering River Avenue Contracting Corp. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period September 25, 2003 through April 16, 2007.

3. For entry of judgment in favor of the Benefit Funds and against River Avenue Contracting Corp. ordering River Avenue Contracting Corp. to pay the Benefit Funds a total sum of $5,350.00 pursuant to the arbitrator's award.

4. For attorneys' fees and costs of this action;

5. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
July 16, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

# EXHIBIT A

```
------------------------------------------------X
In The Matter Of The Arbitration

        between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,              OPINION
New York City District Council of Carpenters
Annuity Fund, New York City District Council                 AND
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,                  AWARD
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, Trustees[1]
                        (Funds)

        -and-

RIVER AVENUE CONTRACTING CORPORATION[2]
                        (Employer)
------------------------------------------------X
BEFORE:  Robert Herzog, Esq.
```

RIVER AVENUE CONTRACTING CORPORATION and the United Brotherhood of Carpenters and Joiners of America are parties to Collective Bargaining Agreements, dated 1997 and thereafter.[3] Article II of the International Agreements, in part, reads as follows:

> **Payment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement for that locality ....**

---

[1] Hereinafter denoted as the "Funds."
[2] Hereinafter denoted as the "Employer" or "RACC."
[3] Hereinafter denoted as the "International Agreements."

1

The applicable collective bargaining agreement for the locality involved in this case is the Independent Building Construction Agreement with District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.[4]

RIVER AVENUE CONTRACTING CORPORATION is also a member firm of the Association of Concrete Contractors of Long Island, Inc.[5] The Trade Association, on behalf of its member firms, and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America[6] are parties to Collective Bargaining Agreements, dated July 1, 2001 and thereafter.[7] Both the Independent Agreements and the Trade Association Building Construction Agreements provide for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator.

Hearings were scheduled for New York, New York on: September 27, 2006, November 20, 2006, January 8, 2007, and February 13, 2007. The parties were given full and complete opportunity to offer testimony, present evidence, examine and cross-examine witnesses on actual hearing days.

The following appearances were noted:

---

[4] Hereinafter denoted as the "Independent Agreement."
[5] Hereinafter denoted as the "Trade Association."
[6] Hereinafter denoted as the "Union."
[7] Hereinafter denoted as the "Trade Association Building Construction Agreements."

2

## **APPEARANCES**

For the Funds:                              For the Employer:

   Steven Kasarda, Esq.                    Robert M. Ziskin, Esq.[8]
   Counsel to the Funds                    The Ziskin Law Firm LLP

## **ISSUE**

The questions to be arbitrated are as follows:

1. What, if any, contributions, interest, and other sums are owed by River Avenue Contracting Corporation to the Funds?

    If so, what shall be the remedy?

2. What, if any, books and records must the Employer produce to Fund auditors in order for the auditors to verify that all the required contributions were made to the Funds by the Employer?

## **WITNESSES**

   Ramadan Ibric                           Byron Schuler
   Denise Meehan                           Anthony Sgroi

## **BRIEFS**

The parties were provided an opportunity to submit post-hearing closing briefs. The record was declared closed at the conclusion of the period agreed upon to file briefs.

---

[8] Robert M. Ziskin, Esq. did not appear at the September 27, 2006 hearing but did appear at all subsequent hearings.

3

# **B A C K G R O U N D**

Subsequent to a September 27, 2006 hearing, the following October 4, 2006 Award was issued:

---------------------------------------------------------------------------------X
In The Matter Of The Arbitration
    between
New York City District Council of Carpenters Pension Fund,
New York City District Council of Carpenters Welfare Fund,
New York City District Council of Carpenters Vacation Fund,         OPINION
New York City District Council of Carpenters Annuity Fund,
New York City District Council of Carpenters Apprenticeship,        AND
Journeyman Retraining, Educational and Industry Fund,
New York City District Council of Carpenters Charity Fund, ,         AWARD
United Brotherhood of Carpenters and Joiners of America
Fund and New York City and Vicinity Joint Labor Management
Cooperation Trust Fund, by Michael J. Forde and Paul O'Brien,
Trustees                                          (Funds)
    -and-
RIVER AVENUE CONTRACTING CORP.
                        (Employer)
---------------------------------------------------------------------------------X

BEFORE: Robert Herzog, Esq.

    RIVER AVENUE CONTRACTING CORP. (hereinafter referred to as the "Employer") and the United Brotherhood of Carpenters and Joiners of America are parties to Collective Bargaining Agreements, dated 1997 and thereafter, providing for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Funds, as beneficiary of the Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Funds, by August 15, 2006 and August 17, 2006 Notices of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to (1) make sufficient benefit contributions to the Funds for the period of January 1, 2001 through September 24, 2003 as required by the Collective Bargaining Agreements and (2) permit the Funds to conduct an audit of its books and records for the period September 25, 2003 through to date as required by the Collective Bargaining Agreements.

    A Notice of Hearing dated August 21, 2006 advised the Employer and the Funds that the arbitration hearing was scheduled for September 27, 2006. The Notice of Hearing was sent to the Employer by regular and certified mail. A United States Postal Service Certified Mail Return Receipt evidences delivery of the Notice of Hearing to the Employer.

    On September 27, 2006, at the place and time designated by the August 21, 2006 Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreements, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

    The uncontroverted testimony and evidence established that:
- During the January 1, 2001 through to date period, the Employer was bound to Collective Bargaining Agreements with the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.

4