```
------------------------------------------X
```

In The Matter Of The Arbitration

       between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, Trustees[1]

                 (Funds)

       -and-

RIVER AVENUE CONTRACTING CORPORATION[2]
            (Employer)

```
------------------------------------------X
```

BEFORE: Robert Herzog, Esq.

OPINION

AND

AWARD

RIVER AVENUE CONTRACTING CORPORATION and the United Brotherhood

of Carpenters and Joiners of America are parties to Collective

Bargaining Agreements, dated 1997 and thereafter.[3] Article II of the

International Agreements, in part, reads as follows:

> **Payment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement for that locality ....**

---

[1] Hereinafter denoted as the "Funds."
[2] Hereinafter denoted as the "Employer" or "RACC."
[3] Hereinafter denoted as the "International Agreements."

The applicable collective bargaining agreement for the locality involved in this case is the Independent Building Construction Agreement with District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.[4]

RIVER AVENUE CONTRACTING CORPORATION is also a member firm of the Association of Concrete Contractors of Long Island, Inc.[5] The Trade Association, on behalf of its member firms, and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America[6] are parties to Collective Bargaining Agreements, dated July 1, 2001 and thereafter.[7] Both the Independent Agreements and the Trade Association Building Construction Agreements provide for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator.

Hearings were scheduled for New York, New York on: September 27, 2006, November 20, 2006, January 8, 2007, and February 13, 2007. The parties were given full and complete opportunity to offer testimony, present evidence, examine and cross-examine witnesses on actual hearing days.

The following appearances were noted:

---

[4] Hereinafter denoted as the "Independent Agreement."
[5] Hereinafter denoted as the "Trade Association."
[6] Hereinafter denoted as the "Union."
[7] Hereinafter denoted as the "Trade Association Building Construction Agreements."

# APPEARANCES

For the Funds:

    Steven Kasarda, Esq.
    Counsel to the Funds

For the Employer:

    Robert M. Ziskin, Esq.[8]
    The Ziskin Law Firm LLP

# ISSUE

The questions to be arbitrated are as follows:

1. What, if any, contributions, interest, and other sums are owed by River Avenue Contracting Corporation to the Funds?

    If so, what shall be the remedy?

2. What, if any, books and records must the Employer produce to Fund auditors in order for the auditors to verify that all the required contributions were made to the Funds by the Employer?

# WITNESSES

Ramadan Ibric
Denise Meehan

Byron Schuler
Anthony Sgroi

# BRIEFS

The parties were provided an opportunity to submit post-hearing closing briefs. The record was declared closed at the conclusion of the period agreed upon to file briefs.

---

[8] Robert M. Ziskin, Esq. did not appear at the September 27, 2006 hearing but did appear at all subsequent hearings.

# BACKGROUND

Subsequent to a September 27, 2006 hearing, the following

October 4, 2006 Award was issued:

```
_____X
In The Matter Of The Arbitration
      between
New York City District Council of Carpenters Pension Fund,
New York City District Council of Carpenters Welfare Fund,                OPINION
New York City District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters Annuity Fund,                  AND
New York City District Council of Carpenters Apprenticeship,
Journeyman Retraining, Educational and Industry Fund,                      AWARD
New York City District Council of Carpenters Charity Fund, ,
United Brotherhood of Carpenters and Joiners of America
Fund and New York City and Vicinity Joint Labor Management
Cooperation Trust Fund, by Michael J. Forde and Paul O'Brien,
Trustees                                                     (Funds)
      -and-
RIVER AVENUE CONTRACTING CORP.
                        (Employer)
_____X
```

BEFORE:  Robert Herzog, Esq.

RIVER AVENUE CONTRACTING CORP. (hereinafter referred to as the "Employer") and the United Brotherhood of Carpenters and Joiners of America are parties to Collective Bargaining Agreements, dated 1997 and thereafter, providing for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Funds, as beneficiary of the Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Funds, by August 15, 2006 and August 17, 2006 Notices of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to (1) make sufficient benefit contributions to the Funds for the period of January 1, 2001 through September 24, 2003 as required by the Collective Bargaining Agreements and (2) permit the Funds to conduct an audit of its books and records for the period September 25, 2003 through to date as required by the Collective Bargaining Agreements.

A Notice of Hearing dated August 21, 2006 advised the Employer and the Funds that the arbitration hearing was scheduled for September 27, 2006. The Notice of Hearing was sent to the Employer by regular and certified mail. A United States Postal Service Certified Mail Return Receipt evidences delivery of the Notice of Hearing to the Employer.

On September 27, 2006, at the place and time designated by the August 21, 2006 Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreements, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the January 1, 2001 through to date period, the Employer was bound to Collective Bargaining Agreements with the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.

- The Collective Bargaining Agreements authorized the Funds to conduct audits of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.
- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed audits of the Employer's books and records for the January 1, 2001 through September 24, 2003 period. However, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records for the period of September 25, 2003 through to date. In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records for the September 25, 2003 through to date period.

The testimony of the Funds' auditor, Mr. Anthony Sgroi, established that the audit of the Employer's books and records for the January 1, 2001 through September 24, 2003 period uncovered delinquencies in the amount of contributions due the Funds. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the August 15, 2006 Notice of Intent to Arbitrate issued.

Auditor Sgroi's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The total amount of the delinquency and interest for the January 1, 2001 through September 24, 2003 period was thirteen thousand nine hundred eighty-three dollars and forty-nine cents ($13,983.49). The Funds requested an award for contributions owed, interest, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the Collective Bargaining Agreements. Testimony computing these amounts was received into evidence. The Funds also requested an order directing the Employer to comply with an audit of its books and records for the September 25, 2003 through to date period.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. RIVER AVENUE CONTRACTING CORP. is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the Collective Bargaining Agreements for the January 1, 2001 through September 24, 2003 period;

2. RIVER AVENUE CONTRACTING CORP. shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount, the promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---|
| Principal Due | $ 7,329.02 |
| Interest Due | 6,654.47 |
| Promotional Fund | 81.73 |
| Court Costs | 350.00 |
| Audit Costs | 500.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $ 16,915.22 |

3. RIVER AVENUE CONTRACTING CORP. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of sixteen thousand nine hundred fifteen dollars and twenty-two cents ($16,915.22) with interest to accrue at the rate of 10% from the date of this Award.

4. RIVER AVENUE CONTRACTING CORP. additionally is in violation of the terms of the Collective Bargaining Agreement concerning the September 25, 2003 through to date period.

5. RIVER AVENUE CONTRACTING CORP. is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of September 25, 2003 through to date to determine whether it is in compliance with its obligations to contribute to the Funds for said period.

Robert Herzog
Arbitrator

Dated: October 4, 2006

An October 24, 2006 letter from Employer Counsel to the Arbitrator advised the Arbitrator that Counsel for the Funds and the Employer were agreeable to "reopening" the record to enable the Employer to **"present whatever defenses it may have in connection with this matter."** Consequently, the Arbitrator declared the October 4, 2006 Award to be null and void.  A hearing *de novo* was conducted on February 13, 2007.

As to issue #1 concerning contributions, at the February 13, 2007 hearing, the matter was marked "ADJOURNED WITHOUT A DATE." Issue #2 proceeded to be heard at the February 13, 2007 hearing.

## POSITION OF THE FUNDS

The Employer violated the Collective Bargaining Agreements by failing to make pertinent books and records, including the books and records of affiliate and subsidiary companies, available to the Funds' auditors for audit purposes.  The Employer must produce all said books and records.

## POSITION OF THE EMPLOYER

The Employer did not violate the Collective Bargaining Agreements.  The Employer made available the books and records of River Avenue Contracting Company.  As no Collective Bargaining Agreement violation exists, the complaint against the Employer must be dismissed in its entirety.

# DISCUSSION

Mr. Tony Sgroi, Manager of the auditing firm of Shultheis and Panettieri, testified that the Funds engaged his firm to perform an audit of the Employer's books and records for the period of September 25, 2003 to date. The Funds had received a member claim that the member had a benefit shortage from the Employer. The auditors requested books and records for RACC and two affiliates/subsidiaries, Extreme Concrete Corp. and R&N Concrete Corp. Barbara Kenny, an Employer management member, claimed no knowledge of the two affiliate/subsidiary companies. The requested books and records were not produced.

Union Organizer Ramadan Ibric testified that he personally went to two specific jobsites. At the first jobsite, 116th Street and 5th Avenue in Manhattan, Mr. Ibric spoke to workers at the site who said they were RACC employees who were working for Extreme Concrete Corporation. At the second site, Arlington Avenue and 235th Street in the Bronx, Mr. Ibric observed pickup and other trucks moving material. Extreme Concrete Corporation was using River Avenue Contracting Corporation vehicles at the site. Some of the trucks he observed were registered to River Avenue Contracting Corporation while others were registered to Extreme Concrete Corp. All were attached to the same yard location on Long Island.

Union Organizer Byron Schuler was present at a jobsite, 40 West 116th Street in Manhattan, as a Union picket line was active at the

location.    Personnel attached to Extreme Concrete Corporation were
working in the basement and on the first floor of the building.    Mr.
Schuler observed several 15-passenger vans transporting workers in
to and out from the site, in addition to observing dump trucks.    New
York State Department of Motor Vehicle records were checked and the
some of the vehicles were registered to RACC, some to Extreme
Concrete Corporation, and some to R&N Concrete Corp.    Vehicles were
registered to the same address and covered by River Avenue
Contracting Corporation insurance policy.

    Among the exhibits entered into evidence were the following:

- The Administrative Form, signed by Richard Tonyes on July 10,
  2003, listing RACC's address to be 9 Claremont Avenue, Holbrook,
  New York 11741.

- A New York State Department of State, Division of Corporations,
  Entity Information Report for Extreme Concrete Corporation
  displayed the following information:

  **Chairman or Chief Executive Officer:** Sonia Tonyes, 81 River Avenue,
  Patchogue, New York 11772

  **Principal Executive Office:** Extreme Concrete Corp., 81 River Avenue,
  Patchogue, New York 11772

- Dun & Bradstreet Business Information Reports display the
  following selected information:

| D&B Subject Entry | River Ave. Contract. Corp. | Extreme Concrete Corp. |
|---|---|---|
| Name: | River Ave. Contract. Corp. | Extreme Concrete Corp. |
| Address: | 9 Claremont Ave Holbrook, NY 11741 | 9 Claremont Ave Holbrook, NY 11741 |

| Chief Executive: | Richard J. Tonyes, Pres. | Sonia Tonyes, Pres. |
|---|---|---|
| Year Started: | 1993 | 1993 |
| Employs: | 30 | 20 |
| Line of Business: | Excavation & concrete contractor | Excavation/concrete work |
| Business Started: | 1993 100% of capital stock is owned by Richard J. Tonyes | 1993 100% of capital stock is owned by Sonia Tonyes |

- Westlaw Motor Vehicle Record Reports, citing New York State

  Department of Motor Vehicles data, set forth the following

  information:

  **Vehicle #1:** 2006 Ford Truck Passenger Vehicle
  **License Plate:** DKH9030
  **Registrant:** R&N Concrete Corp., 9 Claremont Ave, Holbrook, NY
  11741-2001
  **Owner:**   River Ave. Contracting Corp., 9 Claremont Ave,
  Holbrook, NY, 11741-2001


  **Vehicle #2:** 2006 Ford Truck Passenger Vehicle
  **License Plate:** DKH9031
  **Registrant:** R&N Concrete Corp., 9 Claremont Ave, Holbrook, NY
  11741-2001
  **Owner:**   River Ave. Contracting Corp., 9 Claremont Ave,
  Holbrook, NY, 11741-2001


  **Vehicle #3:** 1994 General Motors Dump Truck
  **License Plate:** 51356JT
  **Registrant:** R&N Concrete Corp., 9 Claremont Ave, Holbrook, NY
  11741-2001
  **Owner:**   R&N Concrete Corp., 9 Claremont Ave, Holbrook, NY,
  11741-2001


  **Vehicle #4:** 2000 Ford Truck Passenger Vehicle
  **License Plate:** 85356JA
  **Registrant:** Extreme Concrete Corp., 9 Claremont Ave, Holbrook, NY
  11741-2001

Owner:    Extreme Concrete Corp., 9 Claremont Ave,
           Holbrook, NY, 11741-2001

Vehicle #5: 2003 Ford Truck Passenger Vehicle
License Plate: 60792JP
Registrant: River Ave. Contracting Corp., 9 Claremont Ave,
           Holbrook, NY, 11741-2001
Owner:    River Ave. Contracting Corp., 9 Claremont Ave,
           Holbrook, NY, 11741-2001

The collective bargaining agreements to which the RACC is bound

are clear and unambiguous as to the Employer's obligations to

produce books and records for audit purposes:

Independent Building Construction Agreement, Article XV, Fringe Benefit Funds, Sec. 2

Section 2. ... Each signatory Employer shall make available to the Trustees of the various Fringe Benefit Trust Funds, or their designated auditing representative, all pertinent books and records, including all cash disbursement records, required for an audit, to enable a said auditor to ascertain and verify, independently, that the proper contributions hereunder have been paid and such records will be produced whenever deemed necessary by the Trustees in connection with the proper administration of their fiduciary responsibilities. In order to accomplish this end, it is specifically agreed that should any **affiliate or subsidiary** Contractor, as described in Article XVII Section 19 of this Agreement be involved with the business activities of this Employer that this Employer will make available all the pertinent books and records of such **affiliate or subsidiary** to the auditor so that a complete audit can be conducted. The extent of the audit and the determination as to what pertinent records are necessary to complete the audit, is in the sole discretion of the Employer/Union Trustees, so that they may independently verify that all required contributions have been made and discover the identity of all beneficiaries under the plans for which they have been entrusted, for proper administration. [Emphasis added]

Virtually identical language also appears in the Trade Association

Building Construction Agreement:

Trade Assn. Building Construction Agreement, Article XV, Fringe Benefit Funds, Sec. 2

Section 2. ... [E]ach Employer signatory to this Agreement shall make available to the Trustees of the various Fringe Benefit Trust Funds, or their designated auditing representatives, all pertinent books and records, including all cash disbursement records, required for an audit to enable said auditor to ascertain and independently verify that the proper contributions hereunder have been paid and such records will be produced whenever deemed necessary by the Trustees in connection with the proper administration of their fiduciary responsibilities. In order to accomplish this end, it is

10

specifically agreed that should any **affiliate or subsidiary** Employer as described in this Agreement be involved with the business activities of this Employer, the Employer will make available all the pertinent books and records of such **affiliate or subsidiary** to the auditor so that a complete audit can be conducted. The extent of the audit and the determination as to what pertinent records are necessary to complete the audit is in the sole discretion of the Employer/Union Trustees so that they may independently verify that all required contributions have been made and to discover the identity of all beneficiaries under the plans for which they have been entrusted for their proper administration. [Emphasis added]

The above referenced Independent Building Construction

Agreement Article XVII, Section 19(a) reads as follows:

In order to protect and preserve, for the employees covered by this Agreement, all work heretofore performed by them, and in order to prevent any device or subterfuge to avoid the protection and preservation of such work, it is hereby agreed as follows: If and when the Employer shall perform any work of the type covered by this Agreement, under its own name or under the name of another, as a corporation, company, partnership, or any other business entity, including a joint venture, wherein the Employer exercises either directly or indirectly any significant degree of ownership management or control, (i.e. through family members) the terms and conditions of this Agreement including Fringe Benefits shall be applicable to all such work.

Trade Association Building Construction Agreement Article XVII,

Section 19(a) reads virtually identically to the above cited

Independent Agreement language.  The Trade Association Building

Construction Agreement Article XVII, Section 19(a) reads as follows:

In order to protect and preserve, for the employees covered by this agreement, all work historically and traditionally performed by them, and in order to prevent any device or subterfuge to avoid the protection and preservation of such work, it is hereby agreed as follows: If and when the Employer shall perform any work on a job site of the type covered by this agreement as a single or joint Employer within the trade and territorial jurisdiction of the Union, under its own name or under the name of another, as a corporation, sole proprietorship, partnership, or any other business entity including a joint venture, wherein the Employer (including its officers, directors, owners, partners, or stockholders) exercises either directly or indirectly (such as through family members) controlling or majority ownership management or control over such other entity, the terms and conditions of this Agreement including wage and fringe benefits shall be applicable to all such work performed on or after the effective date of this Agreement ....

River Avenue Contracting Corporation, Extreme Concrete

Corporation, and R&N Concrete Corp. meet the affiliate/subsidiary

11

criteria set forth in the Independent Building Construction and Trade Association Building Construction Collective Bargaining Agreements.

- Two Union Organizers personally observed at several worksites employees and equipment being commingled between River Avenue Contracting Corporation and Extreme Concrete Corporation.

- Dun & Bradstreet lists as "Line of Business" for both River Avenue Contracting Corporation and Extreme Concrete Corporation "Excavation/concrete work."

- Dun & Bradstreet lists as "Business Summary Address" for both River Avenue Contracting Corporation and Extreme Concrete Corporation "9 Claremont Ave, Holbrook, NY 11741."

- River Avenue Contracting Corporation and Extreme Concrete Corporation's majority ownership and management is through family members. Dun & Bradstreet lists Richard J. Tonyes, husband of Sonia Tonyes, as President of and owning 100% of the capital stock of River Avenue Contracting Corporation; Dun & Bradstreet lists Sonia Tonyes, wife of Richard J. Tonyes, as President of and owning 100% of the capital stock of Extreme Concrete Corporation.

- Dun & Bradstreet lists both River Avenue Contracting Corporation and Extreme Concrete Corporation as having started in business in 1993.

- New York State Department of Motor Vehicles Records, as cited by Westlaw, have R&N Concrete Corp. as Registrant of commercial vehicles owned by River Avenue Contracting Corporation. The address for R&N Concrete Corp is 9 Claremont Avenue, Holbrook, NY 11741-2001, which is also the address of River Avenue Contracting Corporation.

- New York State Department of Motor Vehicles Records, as cited by Westlaw, have Extreme Concrete Corp. as Registrant and Owner of a commercial vehicle with an address of 9 Claremont Avenue, Holbrook, NY 11741-2001, which is also the address of River Avenue Contracting Corporation.

As defined by the collective bargaining agreements to which River Avenue Contracting Corporation is bound, Extreme Concrete Corp. and R&N Concrete Corp. are deemed to be affiliates and/or subsidiaries of River Avenue Contracting Corporation. As mandated by the terms of the collective bargaining agreements to which River Avenue Contracting Corporation is bound, River Avenue Contracting Corporation shall make available to the Funds' auditors all pertinent books and records for the period of September 25, 2003

through to date, including all cash disbursement records, of River
Avenue Contracting Corporation, Extreme Concrete Corp., and R&N
Concrete Corp., which are required for audit, to enable said auditor
to ascertain and verify, independently, that the proper collective
bargaining agreement contributions have been paid.

Independent Agreement Article XV, Sections 6 & 7 provide for
arbitration, attorney, and court costs to be "borne by the losing party."
Trade Association Building Construction Agreement Article XV,
Section 13 also provides a mechanism for attorney, court, and
arbitration cost recovery.

### AWARD

Based upon the substantial and credible evidence of the case as
a whole:

1. River Avenue Contracting Corporation is in violation of the
   terms of the International Collective Bargaining Agreements,
   Trade Association Building Construction Collective Bargaining
   Agreements, and Independent Building Construction Collective
   Bargaining Agreements;

2. River Avenue Contracting Corporation is ordered to permit and
   facilitate the Funds conducting an audit of River Avenue
   Contracting Corporation's, Extreme Concrete Corporation's, and
   R&N Concrete Corporation's books and records of for the period
   of September 25, 2003 through to date to determine whether they

are in compliance with collective bargaining agreement

obligations to contribute to the Funds;

3. River Avenue Contracting Corporation shall pay to the Funds

forthwith the Funds' counsel's fees, the undersigned

Arbitrator's fee, and all associated court costs in the

following amounts:

| | |
|---|---|
| Court Costs | $  350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 3,500.00 |
| TOTAL | $5,350.00 |

4. River Avenue Contracting Corporation shall pay to the District

Council Carpenters Benefit Funds the aggregate amount of five

thousand three hundred fifty dollars ($5,350.00) with interest

to accrue at the rate of 10% from the date of this Award.

Robert Herzog
Arbitrator

Dated: April 16, 2007


State of New York  )
County of Rockland )


    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator
that I am the individual described in and who executed this
instrument, which is my Award.

Robert Herzog
Arbitrator

Dated: April 16, 2007

To:  River Avenue Contracting Corporation
     Attn: Richard J. Tonyes, President
     9 Claremont Avenue
     Holbrook, New York 11741

Robert M. Ziskin, Esq.
6268 Jerricho Turnpike, Suite 12A
Commack, New York 11725

Steven Kasarda, Esq.
New York City District Council Carpenters Benefit Funds
395 Hudson Street
New York, New York 10014

16