UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
The New York City District Council
of Carpenters Pension Fund, et al.,
                       Plaintiffs,

    Against                                               07 CIV 6450
                                                       (Judge Rakoff)

River Avenue Contracting Corp.,
                         Defendant.
------------------------------------------------------------X

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AND VACATE ARBITRATION AWARD

### PRELIMINARY STATEMENT

Defendant River Avenue Contracting Corp. ("RACC") respectfully submits this memorandum of law in support of its motion to dismiss the Complaint and vacate the arbitration awards dated October 4, 2006 and April 16, 2007 between the Plaintiffs and Defendant.

### BACKGROUND

RACC and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America are parties to Collective Bargaining Agreements ("CBA" or "CBAS") dated July 1, 2001 and thereafter. See Exhibit "A" to the Declaration of Richard B. Ziskin, p. 2. (hereinafter "Ziskin Decl.")

### A. THE GRIEVANCE

Hearings were scheduled between the Plaintiffs and RACC to arbitrate: (1) What contributions, interests and other sums are owed by RACC to the Plaintiffs?; and (2) What, if any, books and records must RACC produce to Plaintiffs' auditors to verify all the required contributions were made to the Plaintiffs by RACC? See Exhibit "A" to Ziskin Decl., p. 2-3.

### B. THE ARBITRATOR'S OCTOBER 4, 2006 AWARD

1

In the Arbitration Award dated October 4, 2006, the Arbitrator determined that: (1) RACC was bound to a CBA for the relevant period with the Union; (2) The CBA required RACC to make certain fringe benefit payments to the Plaintiffs pursuant to the CBA; (3) The CBA authorized the Plaintiffs to conduct an audit of RACC's books and records; (4) That an audit of RACC for the period of January 1, 2001 through September 24 2003 revealed that RACC owed the Plaintiffs $16,915.22 in principal contributions, interest, costs and fees; and (5) That RACC failed to submit to an audit for the period September 25, 2003 to the date of the October 4, 2006 Arbitration Award. See Exhibit "A" to Ziskin Decl., p. 4-5.

## C. THE ARBITRATOR'S OCTOBER 4, 2006 AWARD IS DECLARED NULL & VOID.

Upon RACC's request to reopen the record, the "Arbitrator declared the October 4, 2006 Award to be null and void." See Exhibit "A" to Ziskin Decl., p. 6.

## D. THE COLLECTIVE BARGAINING AGREEMENTS

In the CBA known as the Independent Building Agreement, Article XV, Fringe Benefit Funds, Sec. 2 sets forth:

> "Each signatory employer shall make available to the Trustees of the various Fringe Benefit Funds,… all pertinent books and records,… to enable a said auditor to ascertain and verify, independently, that the proper contributions hereunder have been paid and such records will be produced … In order to accomplish this end, it is specifically agreed that should any affiliate or subsidiary Contractor, … be involved with the business activities of this Employer that this Employer will make available all the pertinent books and records of such affiliate or subsidiary to the auditor so that a complete audit can be conducted… See Exhibit "A" to Ziskin Decl., p. 10.

Similar language appears in the other CBA. See Exhibit "A" to Ziskin Decl., p. 10.

## E. THE ARBITRATOR'S APRIL 16, 2007 DECISION

The Arbitrator determined that RACC and two (2) non-party companies, identified as Extreme Concrete Corporation ("Extreme") and R & N Concrete Corp. ("R & N"), met the

2

affiliate/subsidiary standard set forth above. See Exhibit "A" to Ziskin Decl., p. 11. The Arbitrator further determined that RACC was required to produce the books and records of Extreme and R & N to the Plaintiffs' auditors for the period September 25, 2003 to date. See Exhibit "A" to Ziskin Decl., p. 13-14.

In the Award, the Arbitrator Ordered that: (1) RACC is to permit and facilitate an audit of RACC, Extreme and R & N for the period of September 25, 2003 to date; and (2) RACC shall pay to the Plaintiffs costs and fees totaling $5,350.00.[1] See Exhibit "A" to Ziskin Decl., p. 14-15.

## RACC'S POSITION

RACC has no objection to the portions of the April 16, 2007 Award permitting the Plaintiffs to perform an audit of RACC for the period September 25, 2003 to date. Affidavit of Richard Toynes, ¶ 2. Further, RACC has no objection to the April 16, 2007 Award of fees and costs totaling $5,350.00. Affidavit of Richard Toynes, ¶ 2. and Footnote 1.

RACC objects only to that portion of the Arbitration Award requiring it to facilitate audits of Extreme and R & N. Although Richard Toynes is the President and sole shareholder of RACC, he is not a shareholder, officer, director and/or employee of Extreme and/or R & N and is unable to facilitate an audit of such entities. Affidavit of Richard Toynes, ¶ 3.

## MOTION TO VACATE

The Second Circuit has determined that the statute of limitations set forth in 9 U.S.C. § 12 is inapplicable to actions to vacate arbitral awards under § 301 of the LMRA and that the limitations period of N.Y.C.P.L.R. § 7511 should apply. Harry Hoffman Printing, Inc. v. Graphic Communications, Intern. Union, Local 261, 912 F.2d 608, 612, C.A.2 (N.Y.),1990.

---

[1] On September 10, 2007, I presented an IOLA check in the amount of $5,350.00 made payable to the Plaintiffs' counsel Andrew Grabois. Such payment was received by Plaintiffs' counsel.

<u>Section 7511(a) of the New York Civil Practice Law and Rules</u> provides a ninety day statute of limitations for actions to vacate or modify arbitral awards. "Although an aggrieved party has only 90 days in which to move to vacate or modify an award (<u>CPLR 7511[a]</u>), said party may choose not to make a motion and raise the objection when the victor moves to confirm the award." <u>State Farm Mutual Automobile Insurance Co. v. Firemen's Fund Insurance Co., 1986, 121 A.D.2d 529, 504 N.Y.S.2d 24 (2d Dep't)</u>. This option is available to the party opposing confirmation of the award even if the action to confirm is filed more than ninety days after delivery of the award. <u>International Ass'n of Heat and Frost Insulators, Local No. 12 v. Insulation Quality Enterprises, Ltd., 675 F.Supp. 1398, 1403-04 (E.D.N.Y.1988)</u>; Under <u>N.Y.C.P.L.R. § 7510</u>, the prevailing party in an arbitration has one year after delivery of the award within which to commence an action to confirm the award.

Thus, while RACC did not file its motion to vacate within ninety days of delivery of the award, RACC's arguments in support of its cross-motion to vacate are timely-raised in response to the Plaintiffs' motion to confirm.

## ARGUMENT

RACC asserts that since the April 16, 2007 Arbitration Award declared the October 4, 2006 Award to be null and void, it is no longer obligated to pay the October 4, 2006 Award of $16,915.22. <u>See Exhibit "A" to Ziskin Decl., p. 5-6.</u> As there is no claim for relief contained in the instant Complaint for such amount, it appears that Plaintiffs have acknowledged that RACC is not obligated to comply with the provisions of the nullified October 4, 2006 Award and that the issue of payment in the amount of $16,915.22 has been waived by Plaintiffs.

RACC further asserts that since Extreme and R & N were not parties to the Arbitration nor named as parties in the instant Complaint, such entities are not bound by a judgment

4

resulting from litigation in which they were not designated as parties or to which they have not been made parties by service of process. Zenith Radio Corporation v. Hazeltine Research, Inc., et al., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129, 161 U.S.P.Q. 577. The consistent constitutional rule is that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. E.g., Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878).

In the instant matter, Extreme and R & N were not named as parties in the arbitration proceeding, were never served with the Demand for Arbitration, did not formally appear in the arbitration proceeding and were not served with a copy of the Arbitration Award. Although the Arbitrator determined that Extreme and R & N are affiliates and/or subsidiaries of RACC; the Arbitrator did not have personal jurisdiction over Extreme and R & N. Thus, the Award can bind only RACC. Zenith Radio Corporation v. Hazeltine Research, Inc., et al., 395 U.S. at 111.

Likewise, Extreme and R & N were not named as parties in the instant case, were never served with the Complaint and have not formally appeared in this proceeding. Although this Honorable Court has personal jurisdiction with respect to RACC; it is respectfully asserted that it does not have personal jurisdiction over Extreme and R & N. Thus, Extreme and R & N cannot be compelled to produce their books and records for an audit pursuant to this proceeding. Zenith Radio Corporation v. Hazeltine Research, Inc., et al., 395 U.S. at 111.

If the affiliate/subsidiary issue had been litigated with Extreme and R & N as parties to the Arbitration, and if the Arbitrator had determined that RACC, Extreme and R & N were related, and that jurisdiction over RACC gave the Arbitrator jurisdiction over Extreme and R & N, perhaps the appearance of Extreme and R & N before the Arbitrator with full opportunity to contest the allegations would warrant entry of judgment against them. However, such a

circumstance did not occur in the instant matter. The Arbitrator's Award against RACC, Extreme and R & N was made without any notice to Extreme and R & N. Further, the alleged affiliates were not named in the instant matter. As such, no judgment may be entered against Extreme and R & N, as they have never had the opportunity to defend against such allegations. Zenith Radio Corporation v. Hazeltine Research, Inc., et al., 395 U.S. at 111.

The crux of Zenith is that a judgment cannot be enforced against an alleged "alter ego" who has not had a day in court to litigate whether or not there is such a relationship. Wm Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 611 F.Supp. 281, 282 D.C.N.Y.,1985, rev'd on other grounds 933 F.2d 131, C.A.2 (N.Y.),1991.

The Second Court has recognized a number of theories under which non-signatories may be bound to the arbitration agreements of others. One such theory is the "veil-piercing/alter ego" theory. Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776 C.A.2 (N.Y.) 1995. However, this Honorable court is precluded from asserting personal jurisdiction over Extreme and R & N under such theory as Plaintiffs failed to name Extreme and R & N as parties in both the arbitration proceeding and in the instant matter.

The Award requiring RACC to permit and facilitate the audit of Extreme and R & N is not proper. It was error for the Arbitrator to enter the Award against RACC, without having made this determination in a proceeding to which Extreme and R & N were parties.

## CONCLUSION

As set forth above, RACC is entitled to an order pursuant to N.Y.C.P.L.R. § 7511 vacating and setting aside the Opinion and Award dated April 16, 2007 and to a dismissal of the Complaint.

Dated: Commack, New York
     October  /  , 2007

Respectfully submitted,

*/s/ Richard B. Ziskin*

RICHARD B. ZISKIN (RBZ-7378)
The Ziskin Law Firm, LLP
6268 Jericho Turnpike, Suite 12A
Commack, NY 11725
631-462-1417
Attorneys for Defendant

## TABLE OF AUTHORITIES

1. § 301 of the Labor Management Relations Act. p. 3

2. 9 U.S.C. § 12 p. 3

3. N.Y.C.P.L.R. § 7510 p. 4

4. N.Y.C.P.L.R. § 7511 p. 3, 4, 6

5. Harry Hoffman Printing, Inc. v. Graphic Communications, Intern. Union, Local 261, 912 F.2d 608, 612, C.A.2 (N.Y.),1990. p.3

6. International Ass'n of Heat and Frost Insulators, Local No. 12 v. Insulation Quality Enterprises, Ltd., 675 F.Supp. 1398, 1402-04 (E.D.N.Y.1988) p. 4

7. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878) p. 5

8. State Farm Mutual Automobile Insurance Co. v. Firemen's Fund Insurance Co., 1986, 121 A.D.2d 529, 504 N.Y.S.2d 24 (2d Dep't). p. 4

9. Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776 C.A.2 (N.Y.) 1995. p. 6

10. Wm Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 611 F.Supp. 281, 282 D.C.N.Y.,1985, rev'd on other grounds 933 F.2d 131, C.A.2 (N.Y.),1991. p. 6

11. Zenith Radio Corporation v. Hazeltine Research, Inc., et al., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129, 161 U.S.P.Q. 577 p. 5-6