UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, et al.

            07 CV 6450 (JSR)

         Plaintiffs,

            **MEMORANDUM**
  -against-         **OF LAW**

RIVER AVENUE CONSTRUCTION CORP.,

         Defendant.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Plaintiff's motion to confirm.

## FACTUAL HISTORY

Plaintiffs (herein referred to as "Benefit Funds" or "Funds") are jointly administered Taft-Hartley Trusts. 29 U.S.C. § 186(c)(5).

The Benefit Funds are established pursuant to certain Declarations of Trust, the terms of which are incorporated by reference into the collective bargaining agreements between the Union and employers, including the aforementioned agreement between the Union and the defendant which provides for the contributions which are the subject of this action.

At all relevant times, the Defendant was a signatory to a collective bargaining agreement known as the International Agreement (said Agreement is annexed as Exhibit "A" to the Declaration of Andrew GraBois, dated October 2, 2007). Under the International Agreement, an employer is authorized to work anywhere in the United States and has agreement agree to abide by the local collective bargaining agreements in place in the localities the work is performed (See Article 1 of Exhibit "A"). The local collective bargaining agreement relevant to this matter,

the Independent Building Construction Agreement (hereinafter referred to as "CBA"), covered the period from July 1, 2001 to June 30, 2006 (said CBA is annexed as Exhibit "B" to the GraBois Declaration, dated October 2, 2007). At all relevant times, the Defendant was also a signatory to a collective bargaining agreement with the New York City District Council of Carpenters by virtue of its membership in the Association of Concrete Contractors of Long Island, Inc (herein referred to as "Association CBA" and annexed along with a membership list as "Exhibit "C" to the GraBois Declaration, dated October 2, 2007).

Pursuant to Article XV, § 1 of the CBA and Association CBA, Defendant agreed to make fringe benefit contributions for each hour worked of all employees covered by the applicable CBA and employed by said Employer within the territory of the applicable CBA. Pursuant to Article XV, § 3 of the CBA and Article XV, § 10 of the Association CBA, Defendant agreed to be bound by all the terms and conditions of the Agreements and Declarations of Trust creating the Benefit Funds. Article XV, § 1 of the CBA and Article XV, § 2 of the Association CBA provide that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. Pursuant to Article XV, § 1 of the CBA and Article XV, § 2 of the Association CBA, defendant agreed that should any affiliate or subsidiary Contractor be involved with the business activities of defendant, defendant will make available the books and records of such affiliate or subsidiary so that a complete audit can be conducted. Pursuant to Article XV, § 7 of the CBA and Article XV, § 14 of the Association CBA, defendant agreed that either party had the right to submit to arbitration disputes concerning payment of contributions to the Benefit Funds, and that, *inter alia*, the arbitrator had full and complete authority to decide all issues raised by the submission and that such arbitration award would be final and binding. Article XII of the CBA and the Associaton CBA contain a broadly phrased arbitration clause,

whereby defendant agreed to submit any dispute that may arise in connection with any claim or violation of the Agreement or of any dispute or breach that may arise in connection with the applicable collective bargaining agreement or for construing the terms and provisions of the collective bargaining agreement to the grievance and arbitration procedures set forth in Article XII of the CBA and the Association CBA.

## PROCEDURAL HISTORY

A dispute arose during the period of the aforementioned applicable collective bargaining agreements between the parties when the defendant failed to comply with the Benefit Funds' demands to furnish its full books and records for the purpose of conducting an audit. (See Pg. 6 of the Arbitrator's Award annexed as Exhibit "D" to the Declaration of Andrew GraBois, dated October 2, 2007). The dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator. Thereafter, upon due notice to all parties, the Arbitrator duly held a hearing on February 13, 2007, at which both parties appeared. (Id. at 2).

The Arbitrator rendered his award determining that defendant had failed to comply with the Agreement and the CBA as it relates to paying fringe benefit monies and directed it to permit and facilitate the Plaintiffs conducting an audit of River Avenue Contracting Corporation's, Extreme Concrete Corporation's, and R&N Concrete Corporation's books and records for the period of September 25, 2003 through April 16, 2007 to determine whether they are in compliance with the CBA's obligation to contribute to the Plaintiffs in addition to paying to the Plaintiffs the aggregate amount of $5,350.00 in fees and costs. (Id. at 14).

Defendant paid the amount of $5,350.00, but failed to abide by the remainder of the award requiring defendant to facilitate its books and records and plaintiffs commenced this action on July 16, 2007 by filing a summons and complaint. Defendant interposed its Answer on August 1, 2007.

## ARGUMENT

## THE COURT MUST CONFIRM THE AWARD AS IT DRAWS ITS ESSENCE FROM THE COLLECTIVE BARGAINING AGREEMENT

Absent statutory grounds for vacatur or modification of the award, courts have limited discretion in reviewing an arbitrator's award. Int'l Bd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp., 143 F.3d 704 (2d Cir. 1998); Wackenhut Corp. v. Amalgamated Local 515, 126 F.3d 29, 31 (2d Cir.1997). The principal question for the reviewing court is whether the arbitrator's award "'draws its essence from the collective bargaining agreement,'" Saint Mary Home, Inc. v. Serv. Employees Int'l Union, Dist. 1199, 116 F.3d 41, 44 (2d Cir. 1197)(quoting In re Marine Pollution Serv., Inc., 857 F.2d 91, 94 (2d Cir.1988) and United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)). When an "arbitrator explain[s his] conclusions ··· in terms that offer even a barely colorable justification for the outcome reached, confirmation of the award cannot be prevented by litigants who merely argue, however persuasively, for a different result." Serv. Employees Int'l Union,Dist. 1199, 116 F.3d 41, 44 (quoting Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G., 579 F.2d 691, 704 (2d Cir.1978)).

The award in this matter concerned defendant's failure to provide its books and records as obligated to do under the CBA for Plaintiffs' auditors to conduct an audit. (See Arbitrator's Award, pg. 3) The arbitrator considered evidence presented by both parties and based upon that evidence rendered his award. (Id. at 4). The arbitrator found that Extreme Concrete Corp. and R&N Concrete Corp. were affiliates and/or subsidiaries of Defendant. (Id. at 13). The basis for the Arbitrator's award was the testimony of Plaintiffs' auditors who established that a complete audit of the Defendant's books and records had been attempted by the auditor on several occasions, but was not completed due to Defendant's refusal to cooperate with a complete audit.

(Id. at 7). Moreover, the Arbitrator based his award on the testimony of New York City District Council Organizers Ramadan Ibric and Byron Schuler, whose testimony established an affiliate/subsidiary relationship between defendant, Extreme Concrete Corporation and R&N Concrete Corp. (Id.) Defendant's position was that Extreme Concrete Corp. and R&N Concrete Corp. were not affiliates and/or subsidiaries and that it had complied with all audit requests from the Funds. (Id. at 6). Defendant had the opportunity to present evidence and examine/cross-examine witnesses. A court may not review the weight an arbitrator accorded conflicting evidence. See, Tripi v. Prudential Securities, Inc., 303 F.Supp.2d 349 (S.D.N.Y. 2003)(quoting McDaniel v. Bear Stearns & Co., Inc., 196 F.Supp.2d 343, 351 (S.D.N.Y.2002). It is clear that the arbitrator considered the evidence presented by both parties and rendered his decision based solely upon that evidence and his review of the Agreement. As there was more than a colorable justification for the outcome reached by the arbitrator, the court must confirm the award.

## CONCLUSION

For the foregoing reasons the foregoing motion to confirm should be granted and a judgment entered in favor of the Plaintiffs against Defendants.

Dated: New York, New York
October 2, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100