UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
The New York City District Council
of Carpenters Pension Fund, et al.,
                              Plaintiffs,

    Against                                       07 CIV 6450
                                                      (Judge Rakoff)
River Avenue Contracting Corp.,
                              Defendant.
-----------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONFIRM THE ARBITRATION AWARD

### PRELIMINARY STATEMENT

Defendant River Avenue Contracting Corp. ("RACC") respectfully asserts that this Honorable Court has neither personal jurisdiction nor subject matter jurisdiction with respect to Plaintiffs' Motion to Confirm and that the Arbitration Award must be vacated.

### BACKGROUND

RACC and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America are parties to Collective Bargaining Agreements ("CBA" or "CBAS") dated July 1, 2001 and thereafter. See Exhibit "A" to the Declaration of Richard B. Ziskin, p. 2. (hereinafter "Ziskin Decl.")

Hearings were scheduled between the Plaintiffs and RACC to arbitrate: (1) What contributions, interests and other sums are owed by RACC to the Plaintiffs?; and (2) What, if any, books and records must RACC produce to Plaintiffs' auditors to verify all the required contributions were made to the Plaintiffs by RACC? See Exhibit "A" to Ziskin Decl., p. 2-3.

The Plaintiffs and RACC were the only parties to the Arbitration proceeding. See Exhibit "A" to Ziskin Decl., p. 1.

1

## THE ARBITRATOR'S APRIL 16, 2007 DECISION

The Arbitrator determined that RACC and two (2) non-parties to the arbitration proceeding, identified as Extreme Concrete Corporation ("Extreme") and R & N Concrete Corp. ("R & N"), met the affiliate/subsidiary standard set forth in the relevant collective bargaining agreements ("CBA"). See Exhibit "A" to Ziskin Decl., p. 11. In light of such finding, the Arbitrator Ordered that: (1) RACC is to permit and facilitate an audit of RACC, Extreme and R & N for the period of September 25, 2003 to date; and (2) RACC shall pay to the Plaintiffs costs and fees totaling $5,350.00.[1] See Exhibit "A" to Ziskin Decl., p. 14-15.

## ARGUMENT

## SUMMARY OF ARGUMENT

It is asserted that this Honorable Court lacks personal jurisdiction because the Plaintiffs' failed to notice and name the alleged subsidiaries/affiliates of RACC in both the Arbitration proceeding and this judicial proceeding. Because of this failure, non-parties Extreme and R & N cannot be bound by a judgment resulting from litigation in which they were not designated as parties or to which they have not been made parties by service of process. Thus, Extreme and R & N cannot be compelled to submit to the audit as ordered by the Arbitrator.

It is further asserted that this Honorable Court lacks subject matter jurisdiction under Section 301 of the Labor Management Relations Act. As explained by the Steelworkers Trilogy, arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which it has not agreed to submit. As such, Extreme and

---

[1] On September 10, 2007, I presented an IOLA check in the amount of $5,350.00 made payable to the Plaintiffs' counsel Andrew Grabois. Such payment was received by Plaintiffs' counsel.

R & N cannot be bound to the Arbitration Award unless such entities were bound to the relevant CBA. It is undisputed in this matter that neither Extreme nor R & N are parties to the CBA and that they are not bound to the arbitration provision contained therein. In circumstances where the alleged affiliates are not signatories to the CBA, the question of whether a corporation is bound by its affiliates or subsidiary's CBA is ultimately to be decided by the district court and not the arbitrator. The nonsignatory is not obligated to arbitrate and is not bound to an Arbitration Award unless the District Court concludes that that the nonsignatory and the signatory are alter egos or that the two constitute a single employer.

In this matter, Extreme and R & N have been denied the right to contest the arbitrability issue in both the Arbitration proceeding and this judicial proceeding. The Court may not assert subject matter jurisdiction under LMRA Section 301 due to the Plaintiffs failure to name Extreme and R & N as Defendants in this proceeding. Without these necessary parties, the Court cannot determine if such entities are affiliates/subsidiaries of RACC. This Honorable Court should find that the Arbitrator exceeded the scope of his authority and that the Arbitration Award must be vacated as the Court lacks the jurisdiction to determine the alleged alter ego or subsidiary/affiliate relationship between RACC and these unnamed parties,.

1. **THE DISTRICT COURT DOES NOT HAVE PERSONAL JURISDICTION OVER EXTREME AND R & N.**

This Honorable Court is respectfully referred to RACC's Memorandum of Law filed October 2, 2007 (ECF # 10, p. 4-6) with respect to RACC's argument that the Court does not have personal jurisdiction over the unnamed parties. As is set forth more fully therein, since Extreme and R & N were not parties to the Arbitration nor named as parties

in the instant Complaint, such entities are not bound by a judgment resulting from litigation in which they were not designated as parties or to which they have not been made parties by service of process. Zenith Radio Corporation v. Hazeltine Research, Inc., et al., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129, 161 U.S.P.Q. 577. A judgment cannot be enforced against an alleged "alter ego" who has not had a day in court to litigate whether or not there is such a relationship. Wm Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 611 F.Supp. 281, 282 D.C.N.Y.,1985, rev'd on other grounds 933 F.2d 131, C.A.2 (N.Y.),1991.

Thus, the Arbitration Award must be vacated as it requires non-parties Extreme and R & N to submit to an audit.

## 2. THE DISTRICT COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION

In the three cases known as the Steelworkers Trilogy, the Supreme Court established several basic principles governing the adjudication of arbitrability disputes in the labor context. These principles are: "(1) 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit,' (2) 'the question of arbitrability-whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance-is undeniably an issue for judicial determination,' and (3) 'that, in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims.' " Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984-85 (2d Cir.1997) (quoting AT & T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 648-50, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). See United Steelworkers v. American Mfg. Co., 363 U.S. 564 (1960), United Steelworkers v.

Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), and United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

Pursuant to the Steelworkers Trilogy, Extreme and R & N can only be required to submit to arbitration with the Plaintiffs if they are bound by the terms of the CBA. In this matter, Plaintiffs did not seek to compel Extreme and R & N to arbitrate the affiliate/subsidiary allegation. Rather, Plaintiffs proceeded to arbitration without affording any notice to Extreme and R & N. Notwithstanding the failure to provide notice to Extreme and R & N, Plaintiffs' sought an Award requiring these non-parties to submit to an audit. The Arbitrator determined that Extreme and R & N, although not signatories to the Agreement, were required to submit to an audit because they were "affiliates/subsidiaries" with RACC, a signatory to the CBA.

Neither the Plaintiffs nor the Arbitrator served Extreme and R & N, the alleged affiliates, with notice of the Arbitration Demand or the Arbitration Award. Without such notice, the alleged affiliates were not afforded the opportunity to enjoin the arbitration on the ground that the underlying dispute was not arbitrable and are unable to challenge the arbitrability issue in this confirmation proceeding as they are not named Defendants in this action. Because of the failure to name Extreme and R & N as parties to either proceeding, this Honorable Court must vacate the arbitrator's award pursuant to the Steelworkers Trilogy.

  A.  **THE SECOND CIRCUIT DOES NOT REQUIRE THAT THE ISSUE OF ARBITRABILITY BE DECIDED BY THE DISTRICT COURT BEFORE THE PARTIES PROCEED TO ARBITRATION.**

RACC was not required to seek a stay of the arbitration proceeding due to Plaintiffs' failure to join necessary parties Extreme and R & N to such proceeding. RACC may raise the issue of arbitrability in this judicial proceeding. In <u>National Ass'n of Broadcast Employees & Technicians v. American Broadcasting Company, Inc.</u>, 140 F.3d 459, 158 L.R.R.M. (BNA) 2008, 135 Lab.Cas. P 10,167, C.A.2 (N.Y.),1998, the Second Circuit held that "[a] party does not have to try to enjoin or stay an arbitration proceeding in order to preserve its objection to jurisdiction.... A jurisdictional objection, once stated, remains preserved for judicial review absent a clear and unequivocal waiver." (quoting <u>Kaplan v. First Options of Chicago, Inc.</u>, 19 F.3d 1503, 1510 (3d Cir.1994), aff'd, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). The Court of Appeals concluded that the issue of arbitrability need not be decided by the district court before an arbitration award can be made. If the party opposing arbitration desires that order of proceedings, it can ask a court to enjoin arbitration on the ground that the underlying dispute is not arbitrable. If it does not seek to enjoin the arbitration, it can raise the arbitrability issue in a judicial confirmation proceeding. See <u>Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503, 1510 (3d Cir.1994)</u>

    **B.**     **<u>OTHER CIRCUIT COURTS HAVE PLACED FURTHER RESTRICTIONS UPON AN ARBITRATOR'S AUTHORITY TO MAKE DETERMINATIONS PURSUANT TO THE ALTER EGO THEORY.</u>**

The Ninth Circuit has held that the district court cannot defer to an arbitrator's determination that a non-signatory was bound to arbitrate under an "alter ego" theory. The Circuit held that such a determination is an issue for the courts. <u>Carpenters 46 Northern California Counties Conference Bd. v. Zcon Builders, 96 F.3d 410, 414-15 (9th Cir.1996)</u>

Further, the Third Circuit has held that "the question of whether a parent corporation is bound by its subsidiary's labor agreement is to be decided by a district court, not an arbitrator" and that the court may not order the nonsignatory to arbitrate absent a finding that the nonsignatory and the signatory are alter egos or that the two constitute a single employer or without otherwise determining that the situation is appropriate for piercing the corporate veil. Laborers' Intern. Union of North America, AFL-CIO v. Foster Wheeler Corp., 868 F.2d 573, 576-577 130 L.R.R.M. (BNA) 2740, 111 Lab.Cas. P 10,970, C.A.3 (N.J.),1989.

### C. EXTREME AND R & N HAVE BEEN DENIED THE RIGHT TO CONTEST THE ARBITRABILITY ISSUE IN BOTH THE ARBITRATION PROCEEDING AND THIS JUDICIAL PROCEEDING.

As Extreme and R & N were not named parties in either the arbitration proceeding or in this judicial proceeding, this Honorable Court cannot make a determination under LMRA § 301 as to whether such entities were obligated to arbitrate under an affiliate/subsidiary, alter ego and/or joint employer theory.

Extreme and R & N may only be required to submit to arbitration with Plaintiffs if they were bound by the terms of the CBA which contains the arbitration procedure. Plaintiffs contend that Extreme and R & N, although not signatories to the CBA, are nevertheless bound by the Arbitration Award because they are "affiliates/subsidiaries" with RACC.

As set forth above, an alter ego issue is reserved for the courts and is not a proper subject of arbitration. See Local Union No. 38, Sheet Metal Workers' Intern. Ass'n, AFL-CIO v. A & M Heating, Air Conditioning, Ventilation & Sheet Metal, Inc., 314 F.Supp.2d 332, 344-345, 174 L.R.R.M. (BNA) 3016 (the alter ego issue is a "question of

arbitrability" for the Court to decide); Newmark & Lewis, Inc. v. Local 814, International Bhd. of Teamsters, 776 F.Supp. 102 (E.D.N.Y.1991) (federal court jurisdiction under LMRA § 301 includes determining whether a non-signatory to a collective bargaining agreement is contractually obligated to arbitrate under "joint employer" theory); Metropolitan Detroit Bricklayers Dist. Council v. J.E. Hoetger & Co., 672 F.2d 580, 583 (6th Cir.1982) (whether company "was 'joint employer' such that it could be bound by the collective bargaining agreement" was issue for judicial determination pursuant LMRA § 301).

Accordingly, the Arbitrator in this case exceeded his authority in deciding that Extreme and R & N were affiliates/subsidiaries of RACC and bound by the audit procedures contained in the CBA. As Extreme and R & N are not named parties, this Honorable Court cannot determine whether they are the alter egos of RACC and bound to the CBA. In this case, the District Court does not have subject matter jurisdiction.

Therefore, this Honorable Court must vacate the arbitrator's award.

## CONCLUSION

RACC is entitled to an order vacating and setting aside the Opinion and Award dated April 16, 2007 and to a dismissal of the Complaint.

Dated: Commack, New York
       October 9, 2007

Respectfully submitted,

_____
RICHARD B. ZISKIN (RBZ-7378)
The Ziskin Law Firm, LLP
6268 Jericho Turnpike, Suite 12A
Commack, NY 11725
631-462-1417
Attorneys for Defendant
River Avenue Contracting Corp.

## TABLE OF AUTHORITIES

1. AT & T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 648-50, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).  p. 4

2. Carpenters 46 Northern California Counties Conference Bd. v. Zcon Builders, 96 F.3d 410, 414-15 (9th Cir.1996).  p. 6

3. Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503, 1510 (3d Cir.1994), aff'd, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).  p. 6

4. Laborers' Intern. Union of North America, AFL-CIO v. Foster Wheeler Corp., 868 F.2d 573, 576-577 130 L.R.R.M. (BNA) 2740, 111 Lab.Cas. P 10,970, C.A.3 (N.J.),1989.  p. 7

5. Local Union No. 38, Sheet Metal Workers' Intern. Ass'n, AFL-CIO v. A & M Heating, Air Conditioning, Ventilation & Sheet Metal, Inc., 314 F.Supp.2d 332, 344-345, 174 L.R.R.M. (BNA) 3016.  p. 7

6. Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984-85 (2d Cir.1997)  p. 4

7. Metropolitan Detroit Bricklayers Dist. Council v. J.E. Hoetger & Co., 672 F.2d 580, 583 (6th Cir.1982).  p. 8

8. National Ass'n of Broadcast Employees & Technicians v. American Broadcasting Company, Inc., 140 F.3d 459, 158 L.R.R.M. (BNA) 2008, 135 Lab.Cas. P 10,167, C.A.2 (N.Y.),1998.  p. 6

9. Newmark & Lewis, Inc. v. Local 814, International Bhd. of Teamsters, 776 F.Supp. 102 (E.D.N.Y.1991).  p. 8

10. United Steelworkers v. American Mfg. Co., 363 U.S. 564 (1960)  p. 4

11. United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)  p. 4-5

12. United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)  p. 5

13. Wm Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 611 F.Supp. 281, 282 D.C.N.Y.,1985, rev'd on other grounds 933 F.2d 131, C.A.2 (N.Y.),1991.  p. 4

14. Zenith Radio Corporation v. Hazeltine Research, Inc., et al., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129, 161 U.S.P.Q. 577.  p. 4