UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, et al.

                                                                                                           07 CV 6450 (JSR)

                                                         Plaintiffs,

        -against-

RIVER AVENUE CONSTRUCTION CORP.,

                Defendant.
------------------------------------------------------------------------X

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AND VACATE ARBITRATION AWARD

### PRELIMINARY STATEMENT

This Memorandum of Law in submitted on behalf of plaintiffs in further support of plaintiffs' motion to confirm an arbitrator's award and in opposition of defendant's application to dismiss the complaint and vacate the award. Defendant's argument that it may move for vacatur of the underlying arbitrator's award after the applicable ninety day statute of limitations period expired ignores well established law in the Second Circuit and must be rejected. As there is no statutory basis for vacatur or modification of the award and the award draws its essence from the collective bargaining agreement between the parties, the court must confirm the award.

### STATEMENT OF FACTS

Defendant River Avenue Construction Corp. ("River") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America are parties to a collective bargaining agreement ("Agreement") for all relevant periods herein. A dispute arose between the parties regarding defendant's obligation, pursuant to the Agreement, to produce its books and records as well as the records of any of defendant's affiliates or

subsidiaries to ensure defendant had complied with its obligation to make fringe benefit fund contributions to Plaintiffs. Pursuant to the Agreement, the parties proceeded to arbitration.

During the arbitration, plaintiffs alleged that defendant had violated the Agreement by failing to provide the books and records of its affiliates or subsidiaries, Extreme Concrete Corp. ("ECC") and R&N Concrete Corp. ("R&N") as required therein. The plaintiffs presented testimony establishing that defendant and ECC employed the same individual workers, vehicles registered to ECC and R&N were being operated by defendant's workers and used to complete work assigned to defendant and that vehicles registered to ECC and R&N were owned by defendant and covered by defendant's insurance policy. Additionally, it was established that both ECC and defendant had the same business purpose (excavation and concrete work), that all three entities shared the same corporate address and that the owner of ECC is Sonia Toynes, the wife of Richard Toynes, owner of defendant.

Defendant participated in each of the three days of the arbitration but, despite being afforded numerous opportunities to do so, did not present testimony rebutting plaintiffs' claims.

## ANALYSIS

### THE COURT MUST DENY DEFENDANT'S APPLICATION TO VACATE OR MODIFY THE AWARD AS DEFENDANT FAILED TO MOVE WITHIN THE TIME REQUIRED

Defendant argues that where an action is brought in this district to confirm an arbitrator's award under Section 301 of the Labor Management Relations Act, 29 U.S.C. 185, because Section 301 does not provide a statute of limitations for vacatur or modification of that award, the court will look to the statute of limitations in New York Civil Practice Law and Rules 7511(a) as the most appropriate period. Harry Hoffman Printing, Inc. v. Graphic Communications Int'l Union, Local 261, 912 F.2d 608 (2d Cir. 1990); Burns Int'l. Sec. Services,

2

Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) and Its Local 537, 47 F.3d 14 (2d Cir. 1995). Plaintiffs do not dispute this analysis.

The applicable part of that section provides that "[a]n application to vacate or modify an award may be made by a party within ninety days after its delivery to him." CPLR 7511(a).

Defendant then argues that under New York law, where the losing party to an arbitration has failed to move to vacate or modify the award within the ninety day period, it may still raise affirmative defenses challenging the award when the prevailing party moves to confirm. State Farm Mut. Auto. Ins. Co. v. Fireman's Fund Ins. Co., 121 A.D.2d 529, 504 N.Y.S.2d 24 (2d Dep't 1986); Karlin Construction Co. v. Burdick Associates Owners Corp., 166 A.D.2d 416, 560 N.Y.S.2d 480 (2nd Dept 1990). Defendant argues that the Court should apply this interpretation as the basis for allowing it to request vacatur or modification of the award some six months after expiration of the statute of limitations. This argument has been soundly rejected by both the Supreme Court and the Second Circuit.

It is well settled that where a federal court borrows the appropriate limitations period in an action under Section 301 from a state, it borrows only what is necessary and must apply federal, not state, common law in interpreting that statute. Textile Workers Union v. Lincoln Mills of Alabama, 353 U.S. 448, 456, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co., 369 U.S. 95, 103, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); Local 502, Associated Musicians of Greater New York v. The Parker Meridien Hotel, 145 F.3d 85 (2d Cir. 1998); Skyview Owners Corp. v. Serv. Employees Intern. Union, Local 32BJ, 2004 WL 2244223 (S.D.N.Y. 2004),

Specifically with respect to the application of CPLR 7511(a) in Section 301 cases, the Second Circuit has rejected the New York state interpretation of CPLR 7511(a) that defendant

argues the Court should apply here. Parker Meridien, 145 F.3d at 88. In that case, the court specifically disagreed with the state court's interpretation of CPLR 7511(a) in Fireman's Fund Ins. Co., 121 A.D.2d 529, 504 N.Y.S.2d, the case upon which defendant relies herein, holding that "the grounds for vacating an arbitration award may not be raised as an affirmative defense after the period provided in the appropriate statute of limitations…has lapsed." Parker Meridien, 145 F.3d at 89. As defendant's other New York state cases apply the same holding as Fireman's Fund Ins. Co., they are inapplicable here as well.

In the case at bar, Defendant concedes that its application challenging the award was submitted after the ninety day period had expired. See Defendant's Memorandum of Law, October 2, 2007, at 4. Therefore, defendant is estopped from challenging the award.

In light of the foregoing, Defendant's application for vacatur or modification of the award must be denied.

### DEFENDANT'S ASSERTION THAT THIS COURT LACKS JURISDICTION IS MISLEADING AS THE PLAINTIFFS SEEK TO CONFIRM AND ENFORCE THE AWARD AGAINST DEFENDANT

Defendant argues that this court lacks jurisdiction to enter a judgment against ECC and R&N because neither was a party to the underlying arbitration or is named in this action. Defendant's argument is inapplicable as plaintiffs are not seeking a judgment against ECC or R&N. This action seeks the confirmation of an arbitration award entered against defendant and entry of an order and judgment compelling defendant to produce certain books and records. The issue of whether defendant is able to comply with that order is not before this Court. The principal question for this Court is to assess whether the arbitrator's award "draws its essence from the collective bargaining agreement," Saint Mary Home, Inc. v. Serv. Employees Int'l Union, Dist. 1199, 116 F.3d 41, 44 (2d Cir. 1197) (quoting In re Marine Pollution Serv., Inc.,

857 F.2d 91, 94 (2d Cir.1988) and United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 and whether defendant has raised sufficient statutory grounds for vacatur or modification of the award. Int'l Bd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp., 143 F.3d 704 (2d Cir. 1998); Wackenhut Corp. v. Amalgamated Local 515, 126 F.3d 29, 31 (2d Cir.1997). As defendant has failed to challenge the award within the requisite time period and the award draws its essence from the Agreement as set forth in Plaintiffs' original motion, the Court must confirm the award.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court (1) confirm the arbitration award and (2) enter judgment in favor of the plaintiffs and against defendant compelling defendant to produce all pertinent books and records of itself, Extreme Concrete Corp. and R&N Concrete Corp.

Dated: New York, New York
       October 9, 2007

Respectfully submitted,

O'DWYER & BERNSTIEN, LLP

By: _____
    ANDREW GRABOIS (AG 3192)
    Attorneys for Plaintiffs
    52 Duane Street
    New York, New York 10007
    (212) 571-7100

5